**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Armando MORALES, Defendant—Appellant.**

**No. 01–17013.**

**D.C. Nos. CV–01–05782–REC, CR–96–05269–REC.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.[*]

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM [**]

Armando Morales appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 262–month sentence imposed following his conviction for conspiracy to distribute cocaine base and methamphetamine, in violation of 21 U.S.C. §§ 841, 846, and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

grant a certificate of appealability on this issue. *See Hiivala v. Wood,* 195 F.3d 1098 1102 (9th Cir.1999) (per curiam).

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Morales contends that the district court sentenced him in violation of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment failed to charge the quantity of drugs involved. This contention is foreclosed by our decision in *United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.) (concluding that *Apprendi* does not apply retroactively to cases on initial collateral review), *cert. denied*, —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002).

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.